ROBERT J. HORTON ET AL. v. C. J. GARRISON ET AL.

No. 15.

1. **Will as Evidence.**—To authorize the admission of a will in evidence in this State, an order of a proper court admitting it to probate must be produced or its absence accounted for. No such order being shown, the will in this case was improperly admitted in evidence, although attached to the will was the affidavit of one of the subscribing witnesses purporting to have been taken before the proper court, which proved its execution.

**2. Judgment Sufficient.**—It is not a valid objection to the admissibility of a judgment in evidence as a link in a chain of title to land, that it directs the execution to be levied upon the "effects" of the defendant. Unaffected by the context, the word "effects" is generally held to include only personal property, but no distinction could properly have been made by the court rendering the judgment between real and personal property, as both were equally subject to the debt, and it was not necessary for the judgment to define what property was to be levied on, further than to indicate that it was to be satisfied out of the property of the defendant.

**3. Invalid Execution.**—An execution on a judgment which directed that execution issue to be levied upon the effects of the estate of A. C. Horton, deceased, which commands the sheriff, "that of the goods and chattels, lands and tenements of Eliza Horton executrix, and I. N. Dennis executor, of A. C. Horton, deceased," he make the moneys adjudged, did not authorize or empower the sheriff to levy upon the property of the estate. The defendants named in the writ were Horton and Dennis, and the additional description of them as the executrix and executor did not supply the place of a direction in the writ to levy upon the property of the estate, and sale of property of the estate thereunder is invalid. Adhering to Hart v. McDade, 61 Texas, 212.

**4. Irregularities in Execution.**—A clear distinction exists between defects in an execution which affect the power to sell and those which do not. Many authorities are referred to, to show that an execution after a sale, in a collateral proceeding, will not be held void for irregularities, such as a variance between it and the judgment in names, dates, etc. But these authorities belong to the latter class; this case to the former.

APPEAL from Rusk.    Tried below before Hon. A. J. BOOTY

The opinion states the case.

*Martin Casey* and *John B. Arnold*, for appellants.—1. The court erred in admitting in evidence, over the objections of the plaintiffs, a paper purporting to be the last will of A. C. Horton, on which is an affidavit by C. B. Betts, made before J. W. Veazey, chief justice Wharton County, August 27, 1866, because there appears to be no judgment of the Probate Court adjudging said paper to be the last will and testament of A. C. Horton.    Box v. Lawrence, 14 Texas, 555; Lagow v. Glover, 77 Texas, 450.

2.    The court erred in admitting the execution in evidence:    (1) Because the judgment directs the execution to be levied on the "effects" of the estate of A. C. Horton, which means personalty.    Rev. Stats., arts. 206, 207; 37 Texas, 19; 6 Bac. Abr., 28.    (2) Because the execution commanded a levy on property of Eliza Horton and I. N. Dennis, and gave the sheriff no authority to levy on lands of the estate of A. C. Horton. Adams v. Odom, 74 Texas, 206; Hart v. McDade, 61 Texas, 211; 75 Texas, 184.

*C. H. Gould* and *W. C. Buford*, for appellees.—1. There never having been any proceedings instituted to impeach the validity of the will or its probate, and more than four years having elapsed since its probate, it is

certainly good against a collateral attack.   Lewis v. Ames, 44 Texas, 335; Moody v. Butler, 63 Texas, 210.

2.   The execution sufficiently describes and identifies the judgment by giving correctly the names of the parties, the date and the amount of the judgment, and the court in which it was rendered.   Harlan v. Harlan, 14 Lea (Tenn.), 107; Wright v. Nostrand, 94 N. Y., 31.

3.   If the execution was not authorized by the judgment, nobody but the parties to the suit could complain, and that by a direct proceeding to set the execution, levy, and sale aside, which was never done.   Flaniken v. Neal, 67 Texas, 629; Monghon v. Brown, 68 Ga., 207; Merwin v. Hawker, 31 Kan., 222; Davis v. Kline, 76 Mo., 210; Bacon v. Cropsey, 7 N. Y., 195; Williams v. Weaver, 94 N. C., 134; Safford v. Banks, 69 Ga., 289; Garvin v. Garvin, 21 S. C., 83; Miller v. Willis, 15 Neb., 13.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants sued appellees in two actions of trespass to try title, to recover two tracts of land in Rusk County, of which A. C. Horton was the original grantee.   Appellees pleaded not guilty, limitation under the three, five, and ten years statutes, improvements, and a special plea which need not be here stated, as it is not involved in their appeal.   The causes were consolidated and tried together, by jury, and verdict and judgment rendered for appellees.   Appellants asked for a new trial on the grounds hereinafter discussed, upon the overruling of which they appealed.

Appellants showed themselves to be the heirs of A. C. Horton.   Appellees claimed under a sale of the land made under an execution against A. C. Horton's executors.   Upon the trial they offered what purported to be a copy of Horton's will, from the probate records of Wharton County.   Appellants objected to its admission, because it was not accompanied by the order of any court admitting the will to probate.   Attached to the copy of the document was the affidavit or testimony of one of the subscribing witnesses, purporting to have been taken before the Probate Court of Wharton County, August 26, 1866, proving the proper execution of the will; but no order of the court was shown.   Appellants objected to the evidence on this ground, and the objection was overruled and they reserved exception.

Appellees offered also a duly certified copy of a judgment of the District Court of Wharton County rendered December 9, 1871, in a cause styled T. J. Davis v. Eliza Horton executrix, and I. N. Dennis executor, of A. C. Horton, deceased, and numbered 754, which adjudged that the plaintiff recover of the estate of A. C. Horton, the testator of defendants, the sum of $2030, with interest and costs; and that execution issue to be levied upon the "effects" of said estate.

They then read in evidence, over objection of appellants, an execution

issued to Rusk County, January 4, 1875, which recited a judgment in favor of T. J. Davis against Eliza Horton, executrix, and I. N. Dennis, executor, of A. C. Horton, and commanded the sheriff, "that of the goods and chattels, lands and tenements of the said Eliza Horton, executrix, and I. N. Dennis, executor, of A. C. Horton, deceased," he make the moneys adjudged. In all other respects the execution correctly described and followed the judgment, which had been put in evidence. Endorsed upon the execution was the return of the sheriff, showing a levy upon and sale of the lands in controversy as the property of "the defendants," which was also read in evidence.

Appellants objected to the execution and levy upon the grounds that the judgment did not warrant the execution, in that the judgment ordered a levy upon the "effects" (personal property) of the estate of Horton, while the execution directs a levy upon lands, etc., of Eliza Horton, executrix, and I. N. Dennis, executor, of A. C. Horton, deceased. These exceptions were overruled by the court, and a bill of exceptions was duly taken.

Appellees also read a deed from the sheriff to W. J. Phillips for the lands sold, as above stated, which deed was in accordance with the sale. Appellants objected to this on the same grounds as were the objections taken to the execution. Objections were overruled and exceptions reserved.

Appellees also read in evidence the petition of T. J. Davis against Eliza Horton and Dennis, as independent executrix and executor of A. C. Horton, based on a note given by the latter in his lifetime, the judgment in evidence being based on it. To the admission of this also, over their objection, appellants reserved exception, on the ground that all rights secured by the petition were merged in the judgment.

These rulings of the court are all assigned as error, and presented in appellants' brief.

Appellees' title depended on the sale under the execution, with which they connected themselves by mesne conveyances from the purchaser, no evidence of any other title being shown.

From these facts we conclude that the court below erred in admitting in evidence the copy of the will of Horton. It is settled in this State, that to authorize the admission of a will in evidence, an order of a proper court admitting it to probate must be produced or its absence accounted for. Lagow v. Glover, 77 Texas, 450.

This error, however, is not such as would necessarily lead to a reversal of the judgment, if appellees succeeded in showing a valid sale under the judgment against Horton's estate.

The first point urged against that sale is, that the judgment did not warrant a sale of lands, but only of the effects of the estate, by which, appellants contend, is meant personal property.

It is true that the word "effects," unaffected by context, is generally held to include only personal property. But when we consider the facts, that no distinction could properly have been made by the court render ing the judgment, between personal and real property of the estate, as both were equally subject to the debt, and that it was not necessary for the judgment to define what property should be levied upon, further than to indicate that it should be satisfied out of property belonging to the estate, rather than that belonging to the executors individually, we can not conclude that by this direction more than this was intended. Its only purpose was to show that the assets of the estate, and not property of the individuals, who were executors, were to be subjected. The law gave execution and defined the property subject to it.

This execution, however, did not command the sheriff to levy upon property of the estate, but upon that of Mrs. Horton and Dennis, describing them as executrix and executor. The levy was made upon the land, as the property of "defendants." The defendants named in the writ were Horton and Dennis. The additional description of them as executrix and executor did not supply the place of a direction in the writ to levy upon and sell property belonging to the estate, and there is not, either in the recitals or commands of the writ, anything to warrant the sheriff in assuming that property of the estate alone was subject, or to authorize him to levy upon such property.

In the case of Hart v. McDade, 61 Texas, land of an estate was sold under an execution, commanding the sheriff "that of the goods and chattels, lands and tenements of the said S. C. and B. M. Herndon, executors of the will of J. H. Herndon, deceased, you cause to be made," etc., just as in this case. There were several defects in that sale, and, after disposing of them, Justice Stayton says, on page 212: "If, however, all of these things had been shown, the execution would not have authorized the sale in form and manner drawn, for it uses no language indicating that it is to be satisfied out of property belonging to the estate of Herndon, or empowering the officer to seize and sell any property of that estate." Appellees refer to many authorities to show that an execution will not, after a sale, and in collateral proceeding, be held void for irregularity, such as variances between it and the judgment in names, dates, etc. A clear distinction exists between defects which affect the power to sell, and those which do not. Appellees' cases are of the latter class. This case belongs, as shown, to the former.

Appellants' objection to the execution, levy, and sheriff's deed should have been sustained, and as appellees showed no title without those documents, a new trial should have been granted.

The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 18, 1892.